Citation Nr: 1522697 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-32 057 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for soft tissue sarcoma, including as due to herbicide exposure.

2. Entitlement to service connection for hypertension, including as secondary to diabetes.


REPRESENTATION

Veteran represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

Roya Bahrami, Associate Counsel



INTRODUCTION

The Veteran had active service from January 1969 to November 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

The issue of service connection for hypertension is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

Soft tissue sarcoma has not been present during the pendency of the claim.


CONCLUSION OF LAW

The criteria for service connection for soft tissue sarcoma are not met. 
38 U.S.C.A. §§ 1101, 1110, 1116 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (2000) (codified as amended at 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107, sets forth VA's duties to notify and assist claimants in substantiating claims for VA benefits. See 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). 

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the claimant and his representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). In order to satisfy its duty to notify the claimant under the VCAA, the United States Court of Appeals for Veterans Claims (Court) held that VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002).

For service connection claims, proper notice of what is necessary to substantiate the claim requires that the Veteran be informed of the following five elements: (1) veteran status; (2) existence of a disability; (3) a connection between the veteran's service and the disability; (4) degree of disability; and (5) effective date. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 484 (2006); Quartuccio, 16 Vet. App. at 187. 

The record reflects that the RO provided the Veteran with the requisite notice in December 2009, prior to the initial March 2010 rating decision. Specifically, this notice informed the Veteran of the evidentiary requirements for service connection, the division of responsibility between the Veteran and VA for obtaining evidence, and the process by which disability ratings and effective dates are assigned. Therefore, the Board finds that VA's duty to notify the Veteran has been satisfied.

Regarding the duty to assist, the Board finds that all relevant facts have been properly developed and that all evidence necessary for equitable resolution of the issues herein decided has been obtained in accordance with 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159(c). The Veteran's service treatment records (STRS) and post-service medical records have been associated with the claims file. He has not identified any treatment records that remain outstanding. The Veteran was afforded a VA examination in February 2010. The examination report has been reviewed and is found to be adequate to make a determination on the claim. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007); Stefl v. Nicholson, 21 Vet. App. 120, 124-25 (2007).
In light of the foregoing, the Board finds that VA's duties to notify and assist have been satisfied and, thus, appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993).

II. Analysis

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). The Court has held that "Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. In the absence of proof of a present disability there can be no valid claim." Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); see also Rabideau v. Derwinski, 2 Vet. App. 141, 143-44 (1992).

38 U.S.C.A. § 1116(a) provides presumptive service connection on the basis of herbicide exposure in service for enumerated diseases manifested to a degree of 10 percent or more within a specified time period. 38 U.S.C.A. § 1116; 38 C.F.R. §§ 3.307, 3.309(e), 3.313.

If a veteran was exposed to an herbicide agent during active military, naval, or air service, and develops soft tissue sarcoma to a compensable degree any time after such service, the disease shall be service-connected even though there is no record of such disease during service, provided that the rebuttable presumption provisions of § 3.307(d) are also satisfied. 38 C.F.R. §§ 3.307(a)(6), 3.309(e).

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with a veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. 

The Veteran contends he has soft tissue sarcoma related to herbicide exposure while stationed in Vietnam.

Turning to the evidence of record, service treatment records (STRs) are silent for complaints of, or treatment for, a skin disability. On both October 1968 enlistment and October 1971 separation examinations, clinical evaluation of the skin was normal.

The post-service record includes VA and private treatment records from February 2000 to September 2014. None of the treatment records show a diagnosis of soft tissue sarcoma. In August 2000, a private treatment record noted that examination of the skin revealed no rashes, petechia or ecchymoses. Private treatment records dated from June 2001 to July 2005 note no changes in skin. A December 2012 VA primary care notes "no skin problems." On February 2015 VA examination in connection with another claim, the examiner noted no evidence of rashes or lesions.

On February 2010 VA examination, the Veteran reported that he began to develop white spots on his arms, hands, genitalia, and inner thighs in 1995. He also reported that, in October 2009, someone at the VA Medical Center in Harlingen, Texas, who was not a medical doctor, told him he had soft tissue sarcoma. The Veteran denied any current symptoms or changes in skin lesions. He further denied any current treatment or treatment over the past 12 months. Physical examination revealed no scarring. The examiner opined that the Veteran did not have soft tissue sarcoma.

The Board finds that service connection for soft tissue sarcoma is not warranted because the disorder has not been present during the period of the claim. Brammer, 3 Vet. App. at 225.

In reaching this decision, the Board has considered the Veteran's statements; however, as a lay person, he is not competent to diagnose soft tissue sarcoma. While the Veteran is competent to report that a medical professional told him that he had soft tissue sarcoma, there is no competent evidence to confirm the diagnosis. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Accordingly, the Board finds that the preponderance of the evidence is against the Veteran's claim and service connection for soft tissue sarcoma is not warranted. In reaching this decision the Board has considered the doctrine of reasonable doubt but has determined that it is not applicable to this claim because the preponderance of the evidence is against the claim.


ORDER

Service connection for soft tissue sarcoma is denied.


REMAND

Remand is required for this claim to obtain an adequate opinion. Where VA provides the veteran with an examination in a service connection claim, the examination must be adequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Generally, a medical opinion should address the appropriate theories of entitlement. See Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007). As noted above, entitlement to service connection requires a showing of (1) a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden, 381 F.3d at 1167. Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. Allen v. Brown , 7 Vet. App. 439, 448 (1995) (en banc).
The Veteran seeks service connection for hypertension, to include as secondary to service-connected diabetes. Private treatment records indicate that, during the appeal period, the Veteran was diagnosed with hypertension, well-controlled with Lisinopril.

The Veteran has been afforded two VA examinations in February 2010 and February 2015 that primarily focused on the symptoms of his diabetes. Both examiners took the Veteran's blood pressure and alluded that hypertension was not a complication of diabetes. However, neither opinion addressed whether hypertension was aggravated by diabetes or due to service. Accordingly, a new examination which considers direct and secondary service connection is warranted.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA medical examination to address the nature and etiology of any current hypertension. All indicated tests and studies shall be conducted. 

All relevant electronic records, including a copy of this remand along with any records obtained pursuant to this remand, must be sent to the examiner for review. 

Ask the examiner to provide opinions as to:

(a) Whether the Veteran has a current diagnosis of hypertension.

(b) Whether it is at least as likely as not (a 50 percent or greater chance) that hypertension is due to service.

(c) Whether it is at least as likely as not that hypertension was caused by his diabetes mellitus.

(d) Whether it is at least as likely as not that the Veteran's hypertension has been aggravated (meaning chronically worsened) by his diabetes mellitus. If so, please state, to the extent possible, the baseline level of severity of the hypertension before the onset of aggravation.

The examiner should provide a complete rationale for all opinions expressed and conclusions reached. If any of the opinions, as requested above, cannot be provided without resort to speculation, the examiner should so state and must provide the rationale therefor, including a clear identification of what precise facts cannot be determined.

The Veteran is hereby advised that failure to report for any scheduled VA examinations without good cause shown may result in the denial of the claim for service connection.

2. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be readjudicated. If the claims remain denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
SONNET BUSH
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs